UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Case No.: 26-cr-20214

v.

Hon. TERRENCE G. BERG
United States District Judge

JORDAN GIACONA,

Defendant.

**STIPULATION AND ORDER TO CONTINUE
DATES AND EXCLUDE TIME**

The United States of America and defendant, Jordan Giacona, through his attorney, Mark Magidson, hereby stipulate and agree to the following:

1.      An indictment was issued on April 15, 2016, charging defendant with one count of Cyberstalking in violation of 18 U.S.C. § 2261A(2) and three counts of Interstate Communications – Threats in violation of 18 U.S.C. § 875(c). (ECF No. 19). The case was assigned to U.S. District Judge Terrence G. Berg.

2.      The Court issued an initial scheduling order on April 20, 2026, setting the motion cutoff date for April 24, 2026, the final pretrial conference date on June 4, 2026, and the jury trial for June 16, 2026. (ECF No. 21).

1

3.      The parties hereby stipulate and agree to continue the motion cutoff date, the plea cutoff date, the final pretrial conference date, and the trial date for at least approximately 60 days. The parties further stipulate and jointly move for the Court to find that the time period between the date of entry of the order to continue dates and the new trial date qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial. The parties' reasons for the continuance and for a finding of excludable delay are as follows:

   a.  The parties require additional time for the government to review and produce discovery to the defense, for defense counsel to review produced discovery and sensitive materials that can only be reviewed at government premises, and to confer with defendant, prepare any motions, and prepare for trial.

   b.  The parties wish to engage in case negotiations. Such negotiations require that the government and the defense have reasonable time to review and assess the case. Such negotiations may resolve all of the issues in this case or narrow the disputed issues.

4.      The parties therefore agree that the additional time is excludable under 18 U.S.C. § 3161(h)(7), because the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

| *s/ Diane Princ* | *s/Mark Magidson w/consent* |
|---|---|
| Diane Princ | Mark Magidson |
| Sarah Alsaden | Suite 1207 |
| Assistant United States Attorneys | One Park Avenue |
| 211 W. Fort St., Suite 2001 | David Whitney Building |
| Detroit, Michigan 48226 | Detroit, MI 48226 |
| Diane.princ@usdoj.gov | 313-963-4311 |
| (313) 226-9524 | Fax: 313-995-9146 |
| | Mmag100@aol.com |

Dated: April 22, 2026

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Case No.: 26-cr-20214

v.

Hon. TERRENCE G. BERG
United States District Judge

JORDAN GIACONA,

Defendant.

---

**ORDER TO CONTINUE
DATES AND EXCLUDE TIME**

---

The Court has considered the parties' stipulation and joint motion to continue the motion cutoff date, the plea cutoff date, the final pretrial conference date, and the trial date, and for a finding that the time period from the entry of this order to the new trial date qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from the entry of this order to the new trial date qualifies as excludable delay under 18 U.S.C.§ 3161(h)(7). Specifically, the Court finds that:

1

a. The parties require additional time for the government to review and produce discovery to the defense, for defense counsel to review produced discovery and sensitive materials that can only be reviewed at government premises, and to confer with defendant, prepare any motions, and prepare for trial.

b. The parties wish to engage in case negotiations. Such negotiations require that the government and the defense have reasonable time to review and assess the case. Such negotiations may resolve all of the issues in this case or narrow the disputed issues.

IT IS THEREFORE ORDERED:

The dates in this matter are reset as follows:

Pretrial motion cutoff:    Friday, July 10, 2026;

Plea cutoff:                    Tuesday, August 11, 2026;

Final pretrial conference: Wednesday, August 19, 2026, at 3:30 p.m.

Jury trial:                      Tuesday, September 1, 2026, at 9:00 a.m.

IT IS FURTHER ORDERED:

The time from the current trial date, June 16, 2026, to the new trial date, September 1, 2026, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by

2

the granting of the continuance outweigh the best interests of the public and the

defendant in a speedy trial.


Date: April 23, 2026                               s/Terrence G. Berg_____
                                                   Hon. TERRENCE G. BERG
                                                   United States District Judge

3